IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LEON L. BURDINE,**

        **Plaintiff,**

      v.                                 CASE NO. 09-3237-SAC

**BENJAMIN L. BURGESS,**

        **Defendant.**

**O R D E R**

This matter is before the court on a pro se complaint filed under 42 U.S.C. § 1983 by a pretrial detainee confined in the Sedgwick Adult Detention Facility in Wichita, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee.

Having reviewed the expansive allegations in plaintiff's complaint as amended and supplemented, it appears plaintiff seeks this court's intervention in plaintiff's pending state criminal action. The sole defendant named in the original complaint is a state district court judge. Plaintiff states he is trying to ensure that he gets a fundamentally fair trial in the state district court, and seeks federal injunctive relief because he believes the state court judge has an inconsistent history of applying and protecting constitutional rights. Plaintiff subsequently amended his complaint to name additional defendants, namely another state district court judge, as well as the prosecutor and court appointed defense counsel in plaintiff's criminal case.

Plaintiff seems to ask this court to redress a state district court judge's refusal to allow plaintiff to file pro se pleadings in plaintiff's pending criminal case where plaintiff has appointed counsel,[1] and plaintiff claims misconduct by one or both state court judges in the alleged violation of plaintiff's right to counsel and confidential attorney-client communications. Plaintiff further alleges all defendants acted in concert to obstruct justice in his criminal proceeding, and requests an order protecting him from abuse by a state district court judge.

Because plaintiff essentially seeks to redress alleged constitutional error in his pending state criminal case, the court finds plaintiff's allegations and the relief being sought sound in habeas corpus rather than in a civil rights action under 42 U.S.C. § 1983. The court further finds the relief being sought is barred by the abstention doctrine.

Although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. Capps v. Sullivan, 13 F.3d 350, 354 n. 2 (10th Cir. 1993); *see also* Younger v. Harris, 401 U.S. 37 (1971). As explained in Younger, the abstention doctrine is based on notions of comity

---

[1] Plaintiff also submitted three pleadings captioned for filing in his criminal case in the Sedgwick County District Court. State v. Burdine, Case No. 09-CR-1656. To the extent plaintiff submitted these pleadings in an attempt to effect their filing in his state court action pursuant to a federal court's order, this court issues no such order.

and federalism, which require federal courts to respect state functions and the independent operation of state legal systems. Younger, 401 U.S. at 44-45. The Younger doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims. Winnebago Tribe of Nebraska v. Stovall, 341 F.3d 1202, 1204 (10th Cir. 2003). All three requirements appear to be fully satisfied in the present case, and no exception to the abstention mandate is warranted on plaintiff's bare and conclusory claims of judicial misconduct and bad faith.

**NOTICE AND SHOW CAUSE ORDER TO PLAINTIFF**

The court thus directs plaintiff to show cause why this action should not be construed as one seeking federal habeas corpus relief,[2] and why it should not be dismissed without prejudice pursuant to the Younger abstention doctrine. The failure to file a timely response may result in this action being so construed and dismissed without prejudice, without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to

---

[2]Plaintiff is advised that if he were to proceed under 42 U.S.C. § 1983, his motion for leave to proceed in forma pauperis would be *denied* because plaintiff's litigation history in federal court includes three or more prior actions plaintiff has filed that were dismissed as frivolous, malicious, or as failing to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(a "3-strike" provision applies to prisoners bringing a civil action or appeal in federal court). Accordingly, to proceed under § 1983, plaintiff would be required to prepay the full $350.00 district court filing fee.

proceed in forma pauperis (Doc. 2) is granted to the extent this action is construed as one seeking federal habeas corpus relief.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be construed as seeking federal habeas corpus relief, and dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 20th day of November 2009 at Topeka, Kansas.

  s/Sam A. Crow
SAM A. CROW
U.S. Senior District Judge