# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS


LEON L. BURDINE,

                              **Plaintiff,**

              **v.**                                    **CASE NO. 09-3237-SAC**

BENJAMIN L. BURGESS,

                              **Defendant.**


## O R D E R

Plaintiff, a pretrial detainee confined in the Sedgwick Adult Detention Facility in Wichita, Kansas, proceeds pro se on complaint filed under 42 U.S.C. § 1983. By an order dated November 20, 2009, the court directed plaintiff to show cause why the complaint as amended and supplemented should not be liberally construed as one seeking pretrial habeas corpus relief under 28 U.S.C. § 2241, and why it should not be dismissed without prejudice pursuant to the abstention doctrine in Younger v. Harris, 401 U.S. 37 (1971). The court also granted plaintiff provisional leave to proceed in forma pauperis to the extent the action proceeded in habeas corpus.

In response, plaintiff states he is submitting all pleadings under habeas corpus rather than § 1983, and broadly alleges he is denied equal protection and compliance with procedural protections in his state criminal proceeding. Plaintiff does not address the court's finding that dismissal of the pretrial habeas application appeared warranted under Younger. He makes no showing the Younger

abstention requirements are not fully satisfied in this case,[1] or that any exception to the abstention mandate is warranted.

Accordingly, for the reasons stated herein and in the show cause order entered on November 20, 2009, the court construes this action as one seeking habeas corpus relief under 28 U.S.C. § 2241, and dismisses petitioner's habeas application without prejudice.

IT IS THEREFORE ORDERED that this action is construed as one seeking a writ of habeas corpus under 28 U.S.C. § 2241 in which plaintiff proceeds in forma pauperis, and that this action is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 2nd day of December 2009 at Topeka, Kansas.

 s/Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1]The <u>Younger</u> doctrine provides that a federal court should not intervene in state criminal prosecutions begun prior to the institution of a federal suit when the state court proceedings: (1) are ongoing, (2) implicate important state interests, and (3) offer an adequate opportunity to hear federal constitutional claims. <u>Winnebago Tribe of Nebraska v. Stovall</u>, 341 F.3d 1202, 1204 (10th Cir. 2003).